IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

VERNON HAYNES                                                                              PLAINTIFF

V.                                                                              NO. 3:16CV00282-JMV

COMMISSIONER OF SOCIAL SECURITY                                        DEFENDANT

**FINAL JUDGMENT**

This cause is before the court on Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying a claim for a period of disability and disability insurance benefits and a claim for supplemental security income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law, and having heard oral argument, finds as follows:

Consistent with the court's ruling from the bench during a hearing held 10/19/17, the court finds the ALJ's step five determination is not supported by substantial evidence in the record. Specifically, the ALJ's step five determination is not supported by vocational expert testimony. Indeed, the ALJ failed to present a hypothetical to the vocational expert that contained all of the claimant's limitations found by the ALJ. Among other components of the claimant's residual functional capacity ("RFC"), the ALJ found the claimant "should not reach overhead or reach in all other directions more than occasionally using the left upper extremity." This finding was based in part upon subjective complaints the ALJ found to be

credible.  Nevertheless, at step five of the sequential evaluation process, the ALJ determined the claimant could perform the following jobs:

> **Parking Lot Attendant, DOT No. 915.473-010**
> **Ticket Seller, DOT No. 211.467-030**
> **Bench Assembler, DOT No. 706.684-042**

The parking lot attendant and bench assembler jobs both require frequent reaching, however, and the ticket seller job requires constant reaching.  The conflict in this instance is obvious.

On remand, the ALJ will obtain supplemental vocational expert evidence on the issue of whether there are other jobs the claimant can perform based upon the RFC and other relevant vocational factors found in the ALJ's July 13, 2015, decision.  The ALJ may conduct any additional proceedings not inconsistent with the court's ruling.

**IT IS, THEREFORE, ORDERED AND ADJUDGED that this case is REVERSED and REMANDED for further proceedings.**

This, the 23rd day of October, 2017.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE